**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F-SQUARED INVESTMENT MANAGEMENT, LLC, *et al.*,[1] | Case No. 15-11469 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Obj. Deadline: July 5, 2018 at 4:00 p.m. (ET)** |

**MOTION OF THE LIQUIDATING TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE LIQUIDATING TRUSTEE AND THE PRESENT DEFENDANTS**

Craig Jalbert (the "Trustee"), as trustee of the F2 Liquidating Trust (the "Liquidating Trust") of the estates of F-Squared Investment Management, LLC and its subsidiaries (collectively, "F-Squared" or the "Debtors"), by and through his undersigned counsel, hereby submits this motion (the "Motion"), for entry of an order, substantially in the form attached hereto as Exhibit A, approving the *Settlement Agreement and Release* (the "Settlement Agreement") between and among: (i) the Trustee; (ii) Howard Present; (iii) Hilary Present; (iv) Hunter Present; (v) Holden Present; (vi) Haley Present; and (vii) HB Present Holdings, LLC (each named entity, a "Party" and Party groups (ii)-(vii) collectively, the "Present Defendants"). A copy of the Agreement is attached hereto as Exhibit B to this Motion. In support of this Motion, the Trustee respectfully states as follows:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Verdolino & Lowey, P.C., 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035, Attn: Craig R. Jalbert.

**INTRODUCTION**

1.      The Trustee, in accordance and compliance with the confirmed plan and liquidation trust agreement in these Chapter 11 Cases, has entered into the Settlement Agreement to resolve the claims and potential claims between the Parties.  The Trustee submits that the proposed Settlement Agreement is fair and equitable and in the best interests of the Liquidating Trust and the Debtors' creditors.

2.      The Settlement Agreement is the result of a months-long effort towards resolving some of the largest and most significant claims and issues in these Chapter 11 cases.  The Debtors' former Chief Executive Officer, Howard Present, filed claims of over $11 million for severance and indemnification.  The Trustee brought an action against Howard Present to avoid and recover approximately $15 million in transfers, and for breach of contract, breach of fiduciary duty, and related causes of action.  The Trustee also brought actions to avoid and recover certain transfers made by the Debtors to the other Present Defendants totaling approximately $750,000.  The outcome of these disputes remains uncertain, and absent a negotiated resolution the Parties are likely to engage in very protracted and expensive litigation.

3.      The Settlement Agreement represents a resolution of these issues.  If approved by the Court, it will provide for a meaningfully greater recovery to all of the Debtors' creditors.  For these reasons, as set forth more fully herein, the Trustee respectfully requests that this Court enter an order approving the Settlement Agreement.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are Rule

9019 of the Federal Rules of Bankruptcy Procedure and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

<h3 style="text-align:center">RELIEF REQUESTED</h3>

5. By this Motion, the Trustee requests entry of an Order, substantially in the form attached hereto as Exhibit A, approving the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

<h3 style="text-align:center">BACKGROUND</h3>

**A.    General Background**

6. On December 22, 2014, F-Squared agreed to resolve an administrative cease-and-desist proceeding brought by the SEC pursuant to Section 203(k) of the Investment Advisers Act ("IAA") and Sections 9(b) and 9(f) of the Investment Company Act ("ICA"). Under the terms of the order enacting this resolution (the "Transfer Order"), the SEC charged, and F-Squared agreed to admit, that F-Squared's performance track record for the period between April 2001 and September 2008 was materially inflated, hypothetical and back-tested. The Transfer Order required F-Squared to pay $30 million in disgorgement to the SEC, as well as a $5 million fine.

7. On the same day, the SEC also commenced a civil action in the United States District Court for the District of Massachusetts (Securities and Exchange Commission v. Present, No. 14-14692-LTS) against Howard Present, who had been the CEO of F-Squared until his departure in November 2014. A jury verdict was rendered in that civil action in favor of the SEC on all counts [D.I. 353], and a judgment has issued against Howard Present in favor of the SEC in the amount of $13,801,607 [D.I. 388]. That judgment is on appeal.

8. On July 8, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

9.    On January 14, 2016, the Court entered the *Order Confirming Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 486] (the "Confirmation Order") confirming the *Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") [D.I. 478].   The effective date of the Plan was January 22, 2016 (the "Effective Date").   On the Effective Date, Craig Jalbert was appointed as the Liquidating Trustee to administer the Debtors' estates going forward.

**B.    Howard Present's Claims**

10.    Howard Present has filed two proofs of claim (Claim Nos. 63 and 64) asserting certain unsecured claims against the Debtors' estates based on certain severance and indemnification provisions in his employment contract with the Debtors (the "Present Claims").[2] All of the Present Claims are resolved by the Settlement Agreement.

**C.    The Trustee's Claims Against Howard Present**

11.    On July 6, 2017, the Trustee filed a complaint against Howard Present and certain other defendants [Adv. Pro. No. 17-50691] alleging (a) that certain transfers from the Debtors to Howard Present should be avoided and recovered as actual and constructive fraudulent transfers and preferences, and that the Present Claims should be disallowed pursuant to 11 U.S.C. § 502(d); and (b) breach of contract, breach of fiduciary duty, and certain related claims against Howard Present (such claims in that complaint, as amended, the "Howard Present Complaint").

---

[2]    For the avoidance of doubt, any claim or interest owing to Howard Present as scheduled by the Debtors (including scheduled claims numbered 5915, 5916, 5917, 5918, 5919, 5920, 5921, 5922, 5923, 5924, 5925, 5927, 5928, 5965, 5966, 5947, 5961, 3162, 4119, 4144, and 4169) is included in the definition of "Present Claims."

**D.    The Trustee's Claims Against the Other Present Defendants**

12.    On July 7, 2017, the Trustee filed complaints against each of the Present

Defendants except Howard Present (the "Other Present Defendants") [Adv. Pro. Nos. 17-50770,

17-50773, 17-50775, 17-50777, and 17-50779] to avoid and recover certain transfers from the

Debtors to each Other Present Defendant as constructive fraudulent transfers (each such

complaint, a "548 Complaint").

13.    On January 4, 2018, each of the Other Present Defendants filed answers to the

548 Complaints.

**E.    The Proposed Settlement**

14.    After many months of negotiation, the Parties have reached a resolution of all of

the claims noted above.  The essential terms of the Settlement Agreement, which is subject to

entry of an order approving this Motion, are summarized as follows:[3]

    a.    *Subordination and Limitation of Distributions*: Howard Present shall accept, in
complete satisfaction of the Present Claims, a subordinated beneficial interest in
the Liquidating Trust in the amount of $5,000,000 (the "Present Subordinate
Interest"), which Present Subordinate Interest shall be fully subordinated as
follows.

        i.    Any distributions or payments on account of the Present Subordinate
Interest are subordinated to distributions to holders of beneficial interests
in the Liquidating Trust on account of the Allowed Claims of each such
holder as described in the Plan, in an amount, for each Allowed Claim,
equal to the principal amount of such Allowed Claim converted to an
interest in the Liquidating Trust Fund, as described in the Plan (such
distributions, the "Senior Distributions").

        ii.    Recoveries on account of and recourse of the Present Subordinate Interest
is strictly limited to the lesser of (i) 20% of any cash recoveries (net of all
offsets, attorneys' fees, and other costs, and not including the value on
account of any claim disallowance) actually received by the Trustee from
any of Newfound Research, LLC, Corey Hoffstein, Thomas Rosedale, or

---

[3]    The following summary is qualified in its entirety by the terms of the Settlement Agreement. In the event of
any inconsistency between any part hereof and the Settlement Agreement, the terms of the Settlement
Agreement shall govern.

David Morton (together, the "NFR Defendants") on account of the adversary proceeding captioned Jalbert v. Present, et al., Adv. Pro. No. 17-50691(LSS) (the "NFR Litigation") pending in the Bankruptcy Court, including on account of any judgment or settlement; (ii) 20% of any amount remaining in the Liquidating Trust (net of all offsets, attorneyss fees, and other costs attributable to the NFR Litigation, and not including the value on account of any claim disallowance) after all Senior Distributions have been made; and (iii) $5 million.  For illustrative purposes, if the Liquidating Trust recovers $1 million from the NFR Defendants and $2 million from other sources, and the Senior Distributions total $2.5 million, Howard Present shall receive $100,000 (20% of the amount remaining in the Liquidating Trust after the Senior Distributions have been made).  However, if the Liquidating Trust recovers $10 million from the NFR Defendants and $5 million from other sources, and the Senior Distributions total $2.5 million, Howard Present shall receive $2 million (20% of the amount recovered from the NFR Defendants after the Senior Distributions have been made), and the remainder shall be distributed to holders of Equity Interests, as described in the Plan (apart from any rights to distributions on account of Equity Interests held by the Present Defendants, which are waived herein), but not, in any event, to Howard Present.  Howard Present shall have no recourse to any other assets of the Liquidating Trust to satisfy the Present Subordinate Interest.

iii.   After all Senior Distributions have been made, Howard Present shall be entitled to be paid in full on account of the Present Subordinate Interest only out of the amounts and sources of recovery described in subpart (ii) above.

b.   *Waiver of Equity Interests*: Each of the Present Defendants waives any and all rights of distribution on account of Equity Interests (as defined in the Plan) in any of the Debtors.

c.   *Assistance to the Trustee*: Within thirty (30) days of the execution of the Agreement, Howard Present shall deliver or caused to be delivered to the Trustee any non-privileged, non-confidential documents in his control or possession related to the Debtors that are not in the Trustee's possession.  Upon the Trustee's request, Howard Present shall assist the Trustee in identifying and reviewing critical documents related to certain actions and adversary proceedings filed in these Bankruptcy Cases.

d.   *Standing*: Except as specifically required by this Agreement, and notwithstanding the Present Subordinate Interest, none of the Present Defendants shall further participate in the Bankruptcy Cases or any of the adversary proceedings filed therein, and shall not file any documents or pleadings nor enter an appearance at any hearings in any of the Bankruptcy Cases or adversary proceedings, nor shall

any Present Defendant have standing as to any further matter in these Bankruptcy Cases or any of the adversary proceedings filed therein, including the resolution of claims, the NFR Litigation, or the Trustee's litigation against the SEC, captioned <u>Jalbert v. Sec. and Exch. Comm'n</u>, No. 17-cv-12103-FDS in the United States District Court for the District of Massachusetts (the "<u>SEC Class Action</u>"), except as to the enforcement of the Agreement and as may be necessary to defend against any relief sought by any party against such Present Defendant.

e. *Assignment of Claims and Causes of Action*: Howard Present assigns to the Liquidating Trust any claims and causes of action that Howard Present may have against any third parties related in any way to the Debtors; *provided that* Howard Present retains and may assert any such claims to the extent necessary to defend or setoff against any such third parties in any litigation commenced by such third parties against Howard Present.

f. *Dismissals*: Within two (2) business days of the entry of an order approving this Motion (the "<u>Settlement Date</u>"), the Trustee shall file a copy of such order and a notice of dismissal in each of the adversary proceedings filed against the Other Present Defendants, and shall also file a copy of such order and a notice of dismissal of the claims against Howard Present only in the NFR Litigation (as filed, the "<u>Dismissals</u>").

g. *Releases by the Trust*: Except as may be necessary to enforce this Settlement Agreement, effective as of the Settlement Date, the Trustee, for himself and his Related Parties (as defined in the agreement), hereby releases and forever discharges the Present Defendants, together with all of their Related Parties, from any and all claims, actions, causes of action, choses in action, avoidance actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims that are or may be pending on the Settlement Date or instituted or commenced after the Settlement Date, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Settlement Date.

h. *Releases by the Present Defendants*: Effective as of the Settlement date, the Present Defendants, for themselves and their Related Parties, hereby releases and forever discharge the Trustee, together with all of his Related Parties, from any and all claims, actions, causes of action, choses in action, avoidance actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims that are or may be pending as of the filing of the Dismissals or instituted or commenced after the filing of the Dismissals, based in

law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Settlement Date.

**<u>BASIS FOR RELIEF</u>**

15.     The relief sought by the Trustee is grounded in Federal Rule of Bankruptcy Procedure 9019(a), which provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "[T]he authority to approve a compromise settlement is within the sound discretion of the bankruptcy court." <u>In re Key3Media Grp., Inc.</u>, 336 B.R. 87, 92 (Bankr. D. Del 2005). The standard for approval of a proposed compromise is well established — a court should approve a compromise where it "is fair, reasonable, and in the interest of the estate." <u>In re Marvel Entm't Grp., Inc.</u>, 222 B.R. 243, 249 (D. Del. 1998) (quoting <u>In re Louise's, Inc.</u>, 211 B.R. 798, 801 (D. Del. 1997)); <u>see</u> <u>also</u> <u>In re Park</u>, 682 Fed. Appx. 104 (3d Cir. 2017) ("On motion by a trustee, bankruptcy courts have the authority to approve a settlement that is "fair and equitable" after notice and a hearing.").

16.     When considering the best interest of the estate, the court must "balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996). In striking this balance, he court should consider: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of residual stakeholders. <u>Id.</u>

17.     The court does not have to be convinced that the settlement is the best possible compromise; rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities. <u>In re World Health Alts., Inc.</u>, 344 B.R. 291, 296 (Bankr. D. Del. 2006);

In re Capmark Fin. Grp. Inc., 438 B.R. 471, 515 (Bankr. D.Del. 2010) ("The court need not decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness."). A court will normally accept the judgment of the movant as long as a legitimate business justification exists. See Martin, 91 F.3d at 395.

18.    In the present case, the Settlement Agreement satisfies the Martin factors set forth above. First, the Settlement Agreement substantially resolves the Parties' claims and disputes, including as to all claims by and against Howard Present.

19.    First, as an essential part of the discussions among the parties, the Trustee has obtained extensive information (including certain statements made under oath) that have demonstrated to the Trustee that it would be very difficult, at best, to recover against any of the Present Defendants any substantial part of the moneys sought to be recovered. Second, less importantly but still material here, the Trustee's claims against Howard Present, as outlined in the Howard Present Complaint, are factually and legally complex and far ranging. While the Trustee is confident that he would prevail at trial on the Howard Present Complaint, he recognizes that, absent the Settlement Agreement, the Liquidating Trust could incur sizeable and protracted litigation expenses before obtaining a final judgment.

20.    Additionally, as part of the proposed settlement, the claims of the Present Defendants are either waived or subordinated to the 100% return by each holder of a valid claim (now converted to a beneficial interest in the Trust) and has recourse even then only to a share in a particular litigation recovery. In sum, the Settlement Agreement thus represents, on balance, a sound economic basis on which to wind up this portion of the Chapter 11 cases in an efficient and value maximizing manner.

21.    Finally, the Settlement Agreement is the result of substantial, good faith, arms-length negotiations between and among the Parties, and constitutes a reasonable exercise of the Trustee's business judgment.  The Settlement Agreement serves the best interest of all creditors and interest holders in that it resolves large claims asserted against the estates and obviates the need for expensive and protracted litigation.

22.    Accordingly, for the foregoing reasons, the Trustee respectfully submits that the Martin factors are satisfied and that the Court should enter an order approving the Settlement Agreement.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made to this or any other Court.

## NOTICE

24.    The Trustee has provided notice of this Motion, via overnight mail and email, to (a) the United States Trustee for the District of Delaware; (b) Partridge, Snow, and Hahn LLP (attn: William Moorman, Esq.) as counsel for Howard Present; (c) Klein LLC (attn: Julia Klein, Esq.) as counsel for the Other Present Defendants; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

**WHEREFORE**, the Trustee respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit A, (i) approving the Settlement Agreement and (ii) granting such other relief as is just and proper.

Dated:  June 20, 2018
        Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner, Esq. (DE 3995)
Scott J. Leonhardt, Esq. (DE 4885)
Jason A. Gibson, Esq. (DE 6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com
leonhardt@teamrosner.com
gibson@teamrosner.com

-and-

**BROWN RUDNICK LLP**
William R. Baldiga, Esq.
Sunni P. Beville, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
wbaldiga@brownrudnick.com
sbeville@brownrudnick.com
sdwoskin@brownrudnick.com

*Counsel for the Liquidating Trust*