# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by (1) Craig Jalbert, in his capacity as Liquidating Trustee (the "Trustee") of the F2 Liquidating Trust (the "Liquidating Trust"); (2) Howard Present; (3) Hilary Present; (4) Hunter Present; (5) Holden Present; (6) Haley Present; and (7) HB Present Holdings LLC (each named entity, a "Party;" Party groups (2) - (7) collectively, the "Present Defendants;" the Present Defendants together with the Trustee, the "Parties").

The Parties hereby agree as follows:

WHEREAS, the Trustee has agreed with the Present Defendants to resolve all claims relating to F-Squared Investment Management LLC and its subsidiaries (together, the "Debtors") and the Debtors' proceedings under title 11 of the United States Code that have been or could have been asserted by the Trustee against the Present Defendants and all Related Parties (as defined below) and all claims that have been or could have been asserted by the Present Defendants against the Debtors, their Estates, the Liquidating Trust, the Trustee, and all Related Parties;

WHEREAS, on July 8, 2015, the Debtors commenced voluntary cases (the "Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the Trustee was appointed pursuant to the (i) *Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Doc. No. 478] (the "Plan") and (ii) *Order Confirming Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Confirmation Order") entered by the Bankruptcy Court on January 14, 2016 [Doc. No. 486];

WHEREAS, the Plan and Confirmation Order provide for the Trustee to serve as the fiduciary representative of the creditors of the Debtors with authority to prosecute and settle claims and causes of action;

WHEREAS, the Trustee has commenced Adversary Proceeding Nos. 17-50691, 17-50770, 17-50773, 17-50775, 17-50777, and 17-50779 (the "Adversary Proceedings") in the Bankruptcy Court against various of the Present Defendants;

WHEREAS, Howard Present has filed two proofs of claims (Claim Nos. 63 and 64) in the Chapter 11 Cases (the "Present Claims")[6];

---

[6] For the avoidance of doubt, any claim or interest owing to Howard Present as scheduled by the Debtors (including scheduled claims numbered 5915, 5916, 5917, 5918, 5919, 5920, 5921, 5922, 5923, 5924, 5925, 5927, 5928, 5965, 5966, 5947, 5961, 3162, 4119, 4144, and 4169) is included in the definition of "Present Claims."

WHEREAS, the Securities and Exchange Commission (the "SEC") brought a civil action against Howard Present captioned Securities and Exchange Commission v. Present, No. 14-cv-14692-LTS in the United States District Court for the District of Massachusetts (the "SEC v. Present Action"), a jury verdict was rendered in the SEC v. Present Action in favor of the SEC on all counts, and a judgment has issued against Howard Present in favor of the SEC in the SEC v. Present Action, which judgment is on appeal;

WHEREAS, each of the Present Defendants, including Howard Present, has provided to the Trustee under oath sufficient personal financial information to satisfy the Trustee that each such Present Defendant is unable to pay any material portion of the amounts sought by the Trustee in the Adversary Proceeding against such Present Defendant;

WHEREAS, the Present Defendants, together with all of their Related Parties, otherwise and generally deny all liability to the Trustee and all of his Related Parties under any theory;

WHEREAS, the Trustee, together with all of his Related Parties, likewise denies all liability to the Present Defendants and all of their Related Parties, including any liability as to the Present Claims;

WHEREAS, in order to avoid the expense,  delay and uncertainties of litigation, the Parties desire and intend to effect a final settlement and resolution of all claims now existing or that may exist in future;

NOW THEREFORE, in consideration of the foregoing and the mutual promises and covenants set forth herein, and other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties do hereby agree as follows:

## I. Settlement Motion and Approval Order

1.      The Trustee shall file a motion requesting approval of this Agreement by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019 (the "Motion").

a.      The Trustee shall file the Motion within five (5) business days of the execution of this Agreement by all Parties in compliance with paragraph 18 below.

b.      This Agreement shall not be binding and enforceable on the Parties unless and until approved by the Bankruptcy Court by entry of an order substantially in the form attached hereto at Exhibit A (the "Approval Order").

## II. Subordination of Present Interest and Limitations on Recovery

2.      Howard Present shall accept, in complete satisfaction of the Present Claims, a subordinated beneficial interest in the Liquidating Trust in the amount of $5,000,000 (the "Present Subordinate Interest"), which Present Subordinate Interest shall be fully subordinated as follows.

{00023492.2 }

a.    Any distributions or payments on account of the Present Subordinate Interest are subordinated to distributions to holders of beneficial interests in the Liquidating Trust on account of the Allowed Claims of each such holder as described in the Plan, in an amount, for each Allowed Claim, equal to the principal amount of such Allowed Claim converted to an interest in the Liquidating Trust Fund, as described in the Plan (such distributions, the "Senior Distributions").

b.    Recoveries on account of and recourse of the Present Subordinate Interest is strictly limited to the lesser of (i) 20% of any cash recoveries (net of all offsets, attorney's fees, and other costs, and not including the value on account of any claim disallowance) actually received by the Trustee from any of Newfound Research, LLC, Corey Hoffstein, Thomas Rosedale, or David Morton (together, the "NFR Defendants") on account of the adversary proceeding captioned Jalbert v. Present, et al., Adv. Pro. No. 17-50691(LSS) (the "NFR Litigation") pending in the Bankruptcy Court, including on account of any judgment or settlement; (ii) 20% of any amount remaining in the Liquidating Trust (net of all offsets, attorney's fees, and other costs attributable to the NFR Litigation, and not including the value on account of any claim disallowance) after all Senior Distributions have been made; and (iii) $5 million.  For illustrative purposes, if the Liquidating Trust recovers $1 million from the NFR Defendants and $2 million from other sources, and the Senior Distributions total $2.5 million, Howard Present shall receive $100,000 (20% of the amount remaining in the Trust after the Senior Distributions have been made).  However, if the Liquidating Trust recovers $10 million from the NFR Defendants and $5 million from other sources, and the Senior Distributions total $2.5 million, Howard Present shall receive $2 million (20% of the amount recovered from the NFR Defendants after the Senior Distributions have been made), and the remainder shall be distributed to holders of Equity Interests, as described in the Plan (apart from any rights to distributions on account of Equity Interests held by the Present Defendants, which are waived herein), but not, in any event, to Howard Present.  Howard Present shall have no recourse to any other assets of the Liquidating Trust to satisfy the Present Subordinate Interest.

c.    After all Senior Distributions have been made, Howard Present shall be entitled to be paid in full on account of the Present Subordinate Interest only out of the amounts and sources of recovery described in subpart (b) above.

3.    Each of the Present Defendants waives any and all rights of distribution on account of Equity Interests (as defined in the Plan) in any of the Debtors.

**III.  Assistance to Trustee**

4.    Within thirty (30) days of the execution of the Agreement, Howard Present shall deliver to the Trustee any non-privileged, non-confidential documents in his control or possession related to the Debtors that are not in the Trustee's possession.[7]  If the Trustee believes that Howard Present has not delivered to the Trustee any document(s) that Howard Present is obligated to produce to the Trustee pursuant to this paragraph 4, the Trustee shall provide written notice to Howard Present identifying, to the best of the Trustee's ability, such document(s).  Within seven (7) days of receiving such notice from the Trustee, Howard Present shall either

---

[7]    Any document that (i) is an email sent to or from any F-Squared email address or (ii) was hosted, to Howard Present's knowledge, on F-Squared's hard drives or servers, need not be produced.

provide such document(s) to the Trustee or provide the Trustee with a reasonable explanation as to why such document(s) cannot be produced.

5.      Upon the Trustee's request, Howard Present shall assist the Trustee in identifying and reviewing critical documents related to the actions and adversary proceedings specified in that certain letter from William Moorman to William Baldiga, dated June 18, 2018.

### IV.  Standing

6.      Except as specifically required by this Agreement, none of the Present Defendants shall further participate in the Bankruptcy Cases or any of the adversary proceedings filed therein, and shall not file any documents or pleadings nor enter an appearance at any hearings in any of the Bankruptcy Cases or adversary proceedings, nor shall any Present Defendant have standing as to any further matter in these Bankruptcy Cases or any of the adversary proceedings filed therein, including the resolution of claims, the NFR Litigation, or the Trustee's litigation against the SEC, captioned Jalbert v. Securities and Exchange Commission, No. 17-cv-12103-FDS in the United States District Court for the District of Massachusetts (the "SEC Class Action"), except as to the enforcement of the Agreement and as may be necessary to defend against any relief sought by any party against such Present Defendant.

### V.  Assignment of Claims and Causes of Action

7.      Howard Present assigns to the Liquidating Trust any claims and causes of action that Howard Present may have against any third parties related in any way to the Debtors; *provided that* Howard Present retains and may assert any such claims to the extent necessary to defend or setoff against any such third parties in any litigation commenced by such third parties against Howard Present.

### VI.  Dismissals

8.      Within two (2) business days of the entry of the Approval Order (the "Settlement Date"), the Trustee shall file a copy of the Approval Order and a notice of dismissal, substantially in the form of the attached Exhibit B, in each of the Adversary Proceedings except the NFR Litigation, in which the Trustee shall file a notice of dismissal of the claims against Howard Present only (as filed, the "Dismissals").

### VII.  Releases

9.      "Related Parties" means, with respect to any party, its affiliates, its and its affiliates' predecessors, successors and assigns, subsidiaries, managed accounts or funds, current and former directors, principals, managers, officers, and equity interest holders (whether such interests are held directly or indirectly), equity holders' spouses, trusts, assigns, heirs, beneficiaries, members, partners, employees, advisors, accountants, representatives, attorneys, and other professionals, all in their capacities as such.

10.      Effective as of the Settlement Date, the Trustee, for himself and his Related Parties, hereby releases and forever discharges the Present Defendants, together with all of their

Related Parties, from any and all claims, actions, causes of action, choses in action, avoidance actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims that are or may be pending on the Settlement Date or instituted or commenced after the Settlement Date, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Settlement Date.

11.     Effective as of the Settlement date, the Present Defendants, for themselves and their Related Parties, hereby releases and forever discharge the Trustee, together with all of his Related Parties, from any and all claims, actions, causes of action, choses in action, avoidance actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims that are or may be pending as of the filing of the Dismissals or instituted or commenced after the filing of the Dismissals, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Settlement Date.

## VIII.  Representations and Warranties

12.     The Parties each expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

13.     The Parties each represent and warrant that they have read and understand the terms of this Agreement and have discussed the same with independent counsel of their respective choosing.

14.     The Parties each represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above, and that each individual signing on behalf of such Party or Parties has the power and authority to enter into this Agreement on behalf of the party or Parties on whose behalf he or she has signed.  The Trustee represents that, pursuant to (i) the Confirmation Order, (ii) the Plan, and (iii) that certain Liquidating Trust Agreement between the Trustee and the Debtors, he has the right, power and authority to enter into this Agreement.

## IX.  Miscellaneous

15.     The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and this Agreement accordingly does not constitute an admission by any Party of any liability or wrongful action, or any other possible or claimed violation of law or rights.

16.     The Parties each hereby irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this

Agreement and expressly waive any right to commence any such action in any other forum.

17.    This Agreement reflects the entire agreement and understanding among the Parties with respect to the subject matter of this Agreement.  This Agreement may not be altered, amended, modified, or otherwise changed in any respect as to any Party except by a writing executed by such Party.

18.    The Parties shall execute and deliver such further instruments, documents, or papers and perform all acts necessary or proper to carry out and effectuate the terms of this Agreement.

19.    This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without regard to its conflict of laws procedures.

20.    This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement.  Signatures by facsimile or other electronic means shall be deemed original signatures for all purposes.

IN WITNESS WHEREOF the Parties have caused this Agreement to be signed individually, or by their authorized representative, as of the dates above.

{00023492.2 }

IN WITNESS WHEREOF the Parties have caused this Agreement to be signed individually, or by their authorized representative, as of the dates above.

F2 LIQUIDATING TRUST

_____
By: Craig Jalbert, solely in his capacity as
Liquidating Trustee

_____
Howard Present, personally and individually

HB PRESENT HOLDINGS, LLC

_____
By: (Print Name) HOWARD PRESENT

Its: GENERAL MANAGING MEMBER

HOLDEN PRESENT

_____
By: (Print Name) HOWARD PRESENT

His: FATHER

_____
Hilary Present, personally and
individually

_____
Haley Present, personally and individually

_____
Hunter Present, personally and
individually

7