# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Investment Management, LLC,[1] | ) | Case No. 15-11469 (LSS) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | |

## ORDER APPROVING SETTLEMENT AGREEMENT

Upon the *Motion for Approval of Settlement Agreement* dated June 20, 2018 (the "Motion") filed by (1) Craig Jalbert, in his capacity as Liquidating Trustee (the "Trustee") of the F2 Liquidating Trust in the chapter 11 cases of F-Squared Investment Management, *et al.* to approve the *Settlement Agreement and Release* (the "Agreement") by and between the Trustee, (2) Howard Present; (3) Hilary Present; (4) Hunter Present; (5) Holden Present; (6) Haley Present; and (7) HB Present Holdings, LLC (each named entity, a "Party," and Parties (2) - (7) collectively, the "Present Defendants;"); the Court finding that the sufficient notice was given of the Motion; the Court having reviewed the Motion and the Agreement, and found that (i) the Agreement is in the best interests of the Debtors, their estates, and all creditors; finding good cause exists to grant the Motion;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as provided herein;

2. The Agreement is APPROVED;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Verdolino & Lowey, P.C., 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035, Attn: Craig R. Jalbert.

{00023594. }

3. Adversary Proceeding Nos. 17-50770, 17-50773, 17-50775, 17-50777, and 17-50779 shall be DISMISSED with prejudice upon filing of this Order by the Trustee on the record in each respective Adversary Proceeding;

4. Adversary Proceeding No. 17-50691 shall be DISMISSED with prejudice against Howard Present upon filing of this Order by the Trustee on the record in such Adversary Proceeding;

5. All claims filed by or scheduled on behalf of Howard Present are replaced by a beneficial interest in the Liquidating Trust in the amount of $5,000,000, which interest (the "Present Subordinate Interest") is fully subordinated to distributions to holders of beneficial interests in the Liquidating Trust on account of the Allowed Claims[2] of each such holder as described in the Plan, in an amount, for each Allowed Claim, equal to the principal amount of such Allowed Claim converted to an interest in the Liquidating Trust Fund, as described in the Plan (such distributions, the "Senior Distributions").  Payment on the Present Subordinate Interest is limited to the amounts and sources described in the Agreement.

6. Any right that any of the Present Defendants have to a distribution from the Liquidating Trust on account of any equity interest any such Present Defendant has in any of the Debtors is waived.

7. As described in the Agreement, Howard Present shall deliver or cause to be delivered to the Trustee any documents related to F-Squared that are not in the Trustee's possession.

8. Upon request of the Trustee, Howard Present shall assist the Liquidating Trust in the manner described in the Agreement and as limited by the Agreement.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

9. All claims or causes of action held by Howard Present against third parties, which claims or causes of action relate in any way to any of the Debtors, are hereby owned, controlled and property of the Liquidating Trust, *provided that* Howard Present retains and may raise any such claims as are necessary to defend or setoff against any such third parties in litigation commenced by such third parties against Howard Present.

10. Except as described in the Agreement, the Present Defendants shall not participate in nor have standing as to any further matter in these Bankruptcy Cases or any of the adversary proceedings filed therein, or in the SEC Class Action.

11. Notwithstanding anything to the contrary herein, nothing in this Order or the Agreement shall (i) prohibit the Present Defendants from being compelled by legal process to participate in any adversary proceeding or in these Bankruptcy Cases as a witness, deponent, or third party defendant; (ii) prohibit the Present Defendants from complying with any order of the Court or request issued in the adversary proceedings, including, but not limited to, subpoenas, requests for production of documents, interrogatories, or other discovery requests, or (iii) constitutes a release by the Trustee of rights or claims held directly by third parties that are not derivative or duplicative in nature and that could not have been brought by the Trustee or his Related Parties.

12. As described in the Agreement and as limited thereby, any claims or causes of action that Howard Present may have against any third parties related in any way to the Debtors are assigned to the Trust.

13. Within two (2) business days of the Settlement Date, the Trustee shall file a copy of this Order and a stipulation of dismissal in each of the Adversary Proceedings except the

NFR Litigation, in which the Trustee shall file a notice of dismissal of his claims against Howard Present only.

14. Effective as of the Settlement Date, as described in the Agreement, the Trustee releases and forever discharges the Present Defendants from any and all claims, actions, causes of action, choses in action, avoidance actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims that are or may be pending on the Settlement Date or instituted or commenced after the Settlement Date, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Settlement Date.

15. Effective as of the Settlement date, the Present Defendants release and forever discharge the Trustee from any and all claims, actions, causes of action, choses in action, avoidance actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims that are or may be pending as of the filing of the Dismissals or instituted or commenced after the filing of the Dismissals, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Settlement Date.

Dated: _____, 2018      _____
                                        Honorable Laurie Selber Silverstein
                                        United States Bankruptcy Judge