# EXHIBIT C

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**INVESTMENT ADVISERS ACT OF 1940**
**Release No. 4900 / April 27, 2018**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-18417**

**In the Matter of**

      **Howard B. Present,**

Respondent.

**ORDER MAKING FINDINGS AND IMPOSING REMEDIAL SANCTIONS**

**I.**

In connection with these proceedings instituted pursuant to Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Howard B. Present ("Respondent"), Respondent has submitted an Offer of Settlement ("Offer") that the Commission has determined to accept. Solely for the purpose of these proceedings, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings and the findings contained in Section II.B below, which are admitted, Respondent consents to the entry of this Order Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

**II.**

On the basis of this Order and Respondent's Offer, the Commission finds that

A.     <u>Respondent, Commission allegations.</u>

1.     From April 2008 until his departure in November of 2014, Howard Present was the Chief Executive Officer of F-Squared Investments, Inc. ("F-Squared"), an investment adviser registered with the Commission. Present, 57 years old, is a resident of Wellesley, Massachusetts.

2. On December 22, 2014, the Commission filed a complaint in the U.S. District Court for the District of Massachusetts alleging (i) from August 2008 to September 2013, Present made materially false and misleading statements about the AlphaSector strategy, the flagship product of F-Squared, and its advertised performance, (ii) Present falsely claimed that AlphaSector's advertised performance was based on the actual performance of real clients' investments when in fact, prior to September 2008 the performance had been back-tested, and (iii) the advertised performance prior to September 2008 was substantially overstated due to a calculation error.

B. Trial, entry of injunction.

3. The Commission's case against Present resulted in a trial before a jury beginning in September 2017. In October 2017 the jury found that Present intentionally or recklessly violated Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8, violated Section 207 of the Advisers Act, and knowingly or recklessly aided and abetted F-Squared's violation of Section 206(4) and Rule 206(4)-1.

4. On March 22, 2018, final judgment was entered against Respondent in the civil action entitled *Securities and Exchange Commission v. Howard B. Present*, Civil Action No. 14-cv-14692, in the United States District Court for the District of Massachusetts. The judgment permanently enjoins Present from future violations of Sections 206(1), 206(2), 206(4) and 207 of the Advisers Act and Rule 206(4)-8, and from aiding and abetting violations of Section 206(4) and Rule 206(4)-1. The District Court also imposed a $1,575,000 penalty and ordered Present to pay disgorgement of $10,849,604 together with prejudgment interest thereon in the amount of $1,377,003 (for a total of $12,226,607).

### III.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Present's Offer.

Accordingly, it is hereby ORDERED pursuant to Section 203(f) of the Advisers Act, that Respondent Present be, and hereby is barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following: (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order;

and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

    For the Commission, by its Secretary, pursuant to delegated authority.

                                      Brent J. Fields
                                      Secretary