# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| F-SQUARED INVESTMENT MANAGEMENT, LLC, *et al.*,[1] | Case No. 15-11469 (LSS) |
| Debtors. | (Jointly Administered) |
| CRAIG JALBERT, IN HIS CAPACITY AS TRUSTEE FOR F2 LIQUIDATING TRUST, | |
| Plaintiff, | |
| vs. | Adv. No. 17-50474 (LSS) |
| VADIM FISHMAN, | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO ADJUDICATE ALLEGED
## CONFIDENTIALITY OF EXPERT REPORTS AND DEPOSITION TRANSCRIPTS

Plaintiff Craig Jalbert (the "Trustee"), as trustee of the F2 Liquidating Trust (the "Trust"), by and through his undersigned counsel, hereby submits this memorandum of law in opposition to Defendant's Motion to Adjudicate Alleged Confidentiality of Expert Reports and Deposition Transcripts (the "Motion").

### OBJECTION

1. The Motion is predicated on the false proposition that the "public" wants and is entitled at common law to obtain and review a copy of the Trustee's expert report and other discovery material. This is pure fiction. Only defendant Vadim Fishman is seeking to make

---

[1] The Debtor in these cases, along with the last four digits of its federal tax identification number, is: F-Squared Investment Management, LLC (9247). The Debtor's address is Verdolino & Lowey, P.C., 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035, Attn: Craig R. Jalbert.

{00027736. }

public (again)[2] the Trustee's expert report and discovery material.

2. In previously disseminating the report to parties outside this adversary proceeding and now moving for Court authority do so, Mr. Fishman's actions have nothing to do with the public interest. Instead, his motivation is transparent; to act as a "spoiler," to give other defendants a "heads up" concerning the contents of the Trustee's expert report and potentially affect the Trustee's ability to settle other adversary proceedings by removing one aspect of uncertainty (what the report says) which often drives settlements. And in the process, by being continually vexatious, perhaps the Trustee will settle the Trust's claim against Mr. Fishman for less, just so the Trustee will be rid of him. Mr. Fishman's conduct is in breach of Local Rule 9018-1(f), and is in bad faith because the public dissemination (by emailing and perhaps other acts) of discovery material received and designated as confidential was done for an improper purpose.

3. This is a complete breach of the normal process which, appropriately, errs on the conservative side of preserving confidential documents and privacy. Typically, expert reports and discovery material are shared on a confidential basis pursuant to Local Rule 9018-1(f), which is automatically in effect. This allows information to be exchanged while a protective order—which, in this case, the Trustee's counsel circulated to Mr. Fishman's counsel well before he emailed copies of the report and filed his rebuttal expert report—is negotiated. The protective order contains a process by which parties may discuss and agree to designate certain already produced material as non-confidential or seek relief in Court.

---

[2] Previously, on January 19, 2020, Vadim Fishman, without any notice or discussion with Trustee's counsel, publicly filed his *Rebuttal Expert Report* [Adv. DI 74] that disclosed confidential information contained in Plaintiff's expert report. The Trustee demanded it be withdrawn, which it was. *See* Adv. DI 76. It is unclear whether Mr. Fishman at that time sent a copy to all other defendants in the jointly administered proceedings or simply directed them to the docket entry.

{00027736. }  2

4. Here, a discussion was necessary because the discovery material contained third party financial and other sensitive information regarding former employees' compensation, bonus payments, and performance evaluations. Nonetheless, Defendant disseminated the expert report and filed a rebuttal report containing the sensitive information because it served his purpose, not his obligation.

5. The Motion's reliance on "the common law right to public access—that is, transparency in judicial proceedings," Motion at ¶ 9, is entirely misplaced. The stated purpose of the Motion is not "public access." It is to "to share this information [the Trustee's expert report] with other adversary defendants . . . ." Motion at ¶ 1. The clear and improper purpose of this "sharing" is to try to disrupt and affect separate ongoing settlement discussions the Trustee is having with other defendants.

6. The Motion mistakenly claims that all materials produced in discovery are "judicial records" and, at common law, the public has a right to access judicial records. This is incorrect for at least two reasons. First, the Local Rules govern, not the common law, and Local Rule 9018-1(f) unambiguously obligates Mr. Fishman to maintain the confidentiality of the discovery materials exchanged in this proceeding. This is the exact purpose of Local Rule 9018-1(f): to preserve confidentiality of documents and information *pending* entry of a confidentiality order. This allows parties to exchange documents in advance of an executed protective order with the expectation and confidence they will remain confidential. The Trustee should be entitled to rely on the Local Rules. This Court should enforce the Local Rules. Delaware lawyers should adhere to the directives of the Local Rules. Defendant flagrantly has not done so. Implicitly acknowledging he violated the Local Rule when he filed the rebuttal report, Mr. Fishman withdrew it, but now files this Motion seeking permission and immunity to do so.

7.  <u>Second</u>, judicial records are simply that, records filed with the Court; e.g., a complaint. Discovery materials are never filed with the Court, do not constitute "judicial records," and cannot be freely shared by Defendant with third parties. Confidential discovery materials are not judicial records that the common law affords the public access to.

8.  The Motion seeks authority to publicly file the October 31, 2019 expert report of Kevin P. Clancy, CPA, JD, CIRA, CFF of CohnReznick LLP (the "<u>Clancy Expert Report</u>"). The proposed filing of an expert report is entirely inconsistent with Local Rule 7026-2(b) which provides that "all required disclosures under Fed. R. Civ. P. 26(a)"—like expert reports exchanged between parties pursuant to Rule 26(a)(2)—"shall be served upon other counsel or parties *but shall not be filed with the Court*." Local Rule 7026-2(b) (emphasis added). Putting aside the manufactured public interest in the report, and the misplaced use of common law, the Motion is devoid of authority to file an expert's report. For the same reasons the expert report should not be made public by filing it, it should not be made public by disseminating it to all other defendants.

## ARGUMENT

**I.   The Common Law Right of Access is Inapplicable to the
     Discovery Materials and Expert Disclosures that are the Subject of the Motion**

9.  The Motion mistakenly conflates the "distinct standards" that are applicable, on the one hand, to "preserving confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26," and, on the other hand, to the "common law right of access when discovery materials are filed as court documents." *See In re Avandia Marketing, Sales Practices and Products Liability Litig.*, 924 F.3d 662, 670 (3d Cir. 2019) ("*Avandia*").

10. The common law right of access is not implicated here. Pursuant to Rule 7026-2(b) of the Local Rules of this Court, discovery requests, responses thereto, and "all required

{00027736. }                                            4

disclosures under Fed. R. Civ. P. 26(a)"—which includes expert disclosures (*see* Fed. R. Civ. P. 26(a)(2))—are not filed with the Court. Rather, such documents "shall be served upon other counsel or parties but shall not be filed with the Court." Local Rule 7026-2(b).

11. Because the unambiguous language of the Local Rules control, there is no need to consult the common law. Even if the common law is consulted, however, the common law right of access only applies to a "judicial record," and in the Third Circuit, the "focus[]" in determining whether a document is a "judicial record" is "on the technical question of whether a document is physically on file with the court. If it is not, it is not a 'judicial record'" to which the common law right of access applies. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994); *see Avandia*, 924 F.3d at 672 ("Whether the common law right of access applies to a particular document or record turns on whether that item is considered a 'judicial record.' A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.") (internal quotation marks, ellipsis, and citations omitted); *see also U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (observing that "[f]aced with the issue of whether a document may be classified as a 'judicial document,' and therefore accessible to the public, courts have applied varying standards," and the "Third Circuit has 'focused on the technical question of whether a document is physically on file with the court.'") (quoting *Pansy*, 23 F.3d at 782). "[W]hen a court enters an order of protection over documents exchanged during discovery, and these documents have not been filed with the court, such documents are not, by reason of the protective order alone, deemed judicial records to which the right of access attaches." *Pansy*, 23 F.3d at 782.

12. The Trustee understands the Motion to be concerned with the confidential treatment of discovery materials in this action (*e.g.*, documents exchanged between the parties

and deposition transcripts) and expert reports and expert disclosures. This understanding is based on the Motion's title, which refers to the "Confidentiality of Expert Reports and Deposition Transcripts," and on the Motion's "Conclusion" setting forth the Motion's requested relief, which states that "Mr. Fishman requests that the Court determine that entry of a confidentiality or protective order is not appropriate in this matter and that the Trustee may not rely on Local Rule 9018-1(f) to keep materials from the public's view and grant such other and further relief as is just and proper." Motion at 15.

13.     As noted, the "public" has no interest in the Trustee's expert's report. What is clear is that Defendant is making a second attempt to disseminate the report to all defendants—this time with this Court's blessing. To the extent the Motion focuses on the common law right of access, that common law is inapplicable to the documents that are the subject of the Motion.

**II.     Defendant Must Adhere to
Local Rule 9018-1(f) Pending Entry of a Protective Order**

14.     The Third Circuit has recognized the utility and "benefits of umbrella protective orders in cases involving large-scale discovery" and explained that "the court may construct a broad umbrella protective order upon a threshold showing by the movant of good cause" which permits a standard practice for challenging designations where, "[a]fter delivery of the documents," the "opposing party would have the opportunity to indicate precisely which documents it believed not to be confidential." *Pansy*, 23 F.3d at 787 n.17; *see Avandia*, 924 F.3d at 671 n.5 (same) (quoting *Pansy*, 23 F.3d at 787 n.17); *The Copley Press, Inc. v. Peregrine Systems, Inc. (In re Peregrine Systems, Inc.)*, 311 B.R. 679, 689 (D. Del. 2004) (same).

15.     The Trustee, through discussions among counsel in keeping with the practical benefits acknowledged by the Third Circuit in *Pansy* and by courts since, and given that these proceedings have involved "large-scale discovery," has circulated a draft protective order to

defendants in the jointly administered proceedings. Some defendants have provided comments, others have committed to agreeing to a protective order, and others have raised questions about the need for a protective order. The Trustee remains hopeful that a consensually agreed upon proposed protective order may be submitted to the Court at the appropriate time.

16. In keeping with standard practices approved by the Third Circuit in cases involving "large-scale discovery," the Trustee designated discovery materials as confidential because—given the nature of the claims and defenses in this proceeding and in the jointly administered proceedings which seek to recover bonus and other payments made to employees—sensitive information concerning former employees, their compensation, employment performance evaluations, and the like are part of the discovery record. Financial information concerning third parties is also part of the discovery record.

17. The standard applicable to preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26 is relevant to the propriety of the continued confidential treatment of discovery materials in this proceeding and in the jointly administered proceedings pursuant to Local Rule 9018-1(f). Rule 26(c) permits entry of a protective order which "may apply to all litigation materials—not just those filed in court—because courts have inherent power to grant orders of confidentiality over materials not in the court file." *Avandia*, 924 F.3d at 671 (internal quotation marks and brackets omitted). "'[I]n cases involving large-scale discovery, the court may construct a broad umbrella protective order upon a threshold showing by the movant of good cause'" that provides a mechanism for challenging a confidentiality designation in the event a party wishes to make use of a particular document or documents beyond the scope of use permitted by its designation under the protective order, and "[a]t that point," the court "must conduct a document-by-document review" if the appropriate

designation of particular documents is disputed. *Id.* at 671 n.5 (quoting *Pansy*, 23 F.3d at 787 n.17). Any proposed protective order the parties may agree to in this case will contain a mechanism to challenge confidentiality if the parties cannot agree that a document or documents should be considered confidential.

18. "The party seeking a protective order over discovery material must demonstrate that good cause exists for the order," and good cause exists where "disclosure will work a clearly defined and serious injury" which is to be shown with "specificity." *Id.* at 671 (internal quotation marks omitted). Whether good cause exists such that a protective order should issue may be determined by the court using "various factors," "which are neither mandatory nor exhaustive." *Id.* Those factors are:

> 1. whether disclosure will violate any privacy interests;
>
> 2. whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> 3. whether disclosure of the information will cause a party embarrassment;
>
> 4. whether confidentiality is being sought over information important to public health and safety;
>
> 5. whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6. whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7. whether the case involves issues important to the public.

*Id.* (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

19. In light of the third party financial information and personal compensation information, among other things, that is part of the discovery record given the nature of the discovery requests and the claims and defenses in this proceeding and in the jointly administered proceedings, the Trustee is concerned about protecting the "privacy interests" referenced in the

first factor quoted above to be considered, and notes that such personal compensation information does not involve "issues important to the public," the seventh factor to be considered. The data room was designed to further the goal of "sharing of information among litigants" in a manner that will "promote fairness and efficiency," the sixth goal, and the Trustee submits that—in the absence of a protective order—Local Rule 9018-1(f) provides sufficient confidential treatment of this information that permits access to and sharing of information for the legitimate purposes of this case (the second and fifth factors), without compromising legitimate privacy interests.

20.    For these reasons, the Trustee submits that—until such time that a party moves this Court for entry of a protective order or raises to the Court a dispute over the propriety of treating a particular document as confidential—the applicability of Local Rule 9018-1(f) may properly be relied upon by all parties in this proceeding and in the jointly administered proceedings.

### III.    The Treatment of the Clancy Expert Report

21.    Contrary to the Motion's assertion, the Trustee at this time is not asserting that "the entry of a confidentiality order is necessary" (Motion at ¶ 22) and has not moved for entry of a confidentiality or protective order as Local Rule 9018-1(f) provides sufficient protection of the sensitive information referenced herein.

22.    Pursuant to Local Rule 7026-2(b), it is not appropriate to file on the docket "required disclosures under Fed. R. Civ. P. 26(a)"—like expert reports disclosed among the parties pursuant to Rule 26(a)(2). Thus, to the extent by the Motion defendant Mr. Fishman seeks the ability—contrary to Local Rule 7026-2(b)—to file on the docket the Clancy Expert Report, the Trustee opposes the Motion as such public filing is inconsistent with and impermissible under Local Rule 7026-2(b).

23. For the same reasons the Clancy Expert Report should not be made public by filing it, it should not be made public by disseminating it to all other defendants.

## CONCLUSION

24. For the foregoing reasons, the Trustee respectfully requests that the Motion be denied without prejudice and for such other relief as is just and proper.

Dated: March 6, 2020
    Wilmington, Delaware        **THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: gibson@teamrosner.com

    -and-

**BROWN RUDNICK LLP**
William R. Baldiga, Esq.
Sunni P. Beville, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
wbaldiga@brownrudnick.com
sbeville@brownrudnick.com
sdwoskin@brownrudnick.com

    -and-

D. Cameron Moxley, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
cmoxley@brownrudnick.com

*Counsel for Craig Jalbert, as Trustee for F2 Liquidating Trust*